United States District Court
Southern District of Texas
**ENTERED**
February 15, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH JEROME GATES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-0529 |
| | § | |
| DIRECTOR COLLIER, *ET AL.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed two amended section 1983 complaints against "Diagnostic Intake Process Process [*sic*] Personnel" and "State Classification/State Classification Chairman/Chairman State Classification Records." (Docket Entries No. 8, 9.) In the interest of justice, the Court construes the amended complaints together as a single amended complaint (the "Amended Complaint").

Having considered the Amended Complaint, the exhibits, matters of public court record, and the applicable law, the Court DISMISSES this lawsuit for the reasons shown below.

*Legal Standards*

A court must dismiss a complaint filed by a prisoner against a government entity or employee if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A frivolous complaint lacks any arguable basis,

either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact if it rests upon clearly baseless factual contentions, and similarly lacks an arguable basis in law if it contains indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* Plaintiffs must plead facts sufficient to demonstrate that their claims have "substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). That is, the facts pled must allow the court "to infer more than the mere possibility of misconduct." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Analysis*

*The Defendants*

Plaintiff names as defendants "Diagnostic Intake Process Process [*sic*] Personnel" and "State Classification/State Classification Chairman/Chairman State Classification Records."

(Docket Entries No. 8, 9.) Although this lawsuit has been on file for three years and plaintiff has filed one original and two amended complaints, he fails to identify any jural entity or name any individual who is liable for his claims under section 1983. Moreover, he has made no effort to seek leave to substitute a proper party or individual for any of his claims.

Consequently, the purported defendants "Diagnostic Intake Process Process [*sic*] Personnel" and "State Classification/State Classification Chairman/Chairman State Classification Records" are DISMISSED as parties in this lawsuit.

*Claims for Relief*

Plaintiff's pleadings are difficult to comprehend; nevertheless, the Court has reasonably attempted to understand and construe the Amended Complaint. Liberally construed, the Amended Complaint appears to raise the following claims for relief: (1) life endangerment by exposure to extreme temperatures and inadequate medical care at the Pack Unit; and (2) assignment of a new prisoner identification number following plaintiff's return to prison, which resulted in "wiped" records and improper housing and medical care. Although his reasons are unclear, plaintiff claims that his life is in danger as long as he remains in state custody. He seeks monetary damages, punitive damages, and his "removal" from state custody.

Plaintiff's claims for removal from state custody sound in habeas, and cannot be pursued in context of this section 1983 lawsuit. *See*, *e.g.*, *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021). Even assuming the claims were properly before the Court, plaintiff

3

fails to name a defendant against whom the claims may be brought. To the extent plaintiff seeks release from state custody, his claims are DISMISSED WITHOUT PREJUDICE.

Plaintiff's claims regarding his "illegal" new inmate number assignment were raised and rejected as frivolous in his earlier lawsuit, *Gates v. Officer Kathy*, C.A. No. H-18-3518 (S.D. Tex. Aug. 21, 2020). Thus, his claims regarding the new inmate number assignment are duplicative and are DISMISSED AS MALICIOUS. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam) (holding that a prisoner's claims that are duplicative of claims that have already been considered and dismissed must be dismissed under 28 U.S.C. § 1915(e)(2)(B) as malicious); *see also Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte*). Regardless, plaintiff again fails to name a proper defendant against whom these claims may be brought.

To the extent plaintiff seeks monetary damages arising from exposure to extreme temperatures and inadequate medical care at the Pack Unit, he once more fails to name a proper defendant against whom the claims may be brought. Insofar as his claims seek monetary relief against "Diagnostic Intake Process Process [*sic*] Personnel" or "State Classification/State Classification Chairman/Chairman State Classification Records" under section 1983, the claims are DISMISSED WITHOUT PREJUDICE.

The Court struck plaintiff's original complaint and ordered him to replead his claims. Plaintiff subsequently filed two amended complaints. The Court has provided plaintiff ample time and opportunity to plead a viable claim for relief and to name proper defendants, but he

has failed to do so. The Court is of the opinion that plaintiff has pleaded his best case, and that additional leave to amend would be futile.

## *Conclusion*

This lawsuit is DISMISSED WITHOUT PREJUDICE as malicious and for failure to state a viable claim for relief under section 1983. Any and all pending motions are DENIED AS MOOT.

This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g), and stands as plaintiff's fourth strike. *See Gates v. Officer Kathy*, C.A. No. H-18-3518 (S.D. Tex. Aug. 21, 2020); *Gates v. Director, Board of Pardons and Paroles*, C.A. No. A-18-984-LY(W.D. Tex. Dec. 27, 2018); *Gates v. Kimbrough*, C.A. No. 1:94-CV-00608-RAS-WCR (Nov. 28, 1994). Plaintiff is barred from proceeding *in forma pauperis* in federal district or appellate court unless he demonstrates he is under imminent danger of serious physical injury. The Court will enforce the section 1915(g) bar against plaintiff should he seek to proceed *in forma pauperis* on appeal from the dismissal in this case.

Signed at Houston, Texas, on February  15 , 2022.

_____
Gray H. Miller
Senior United States District Judge